IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ELAINE SCATTERGOOD | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| LEE BILLITER, et al. | : | NO. 05-3073 |

## MEMORANDUM AND ORDER

Ditter, J.                                                                                                                   December 3, 2010

Defendants have moved to dismiss this action based on a failure to prosecute. They do so following Ms. Scattergood's absence from a court-ordered conference whereby she was cautioned that her absence would result in dismissal. Ms. Scattergood opposes the motion, asserting that medical problems prevented her attendance. For the reasons that follow, I will deny the motion to dismiss.

"Dismissal is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 866 (3d Cir. 1984) (internal quotations and citation omitted). Nonetheless, dismissal may be appropriate after balancing the following factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868.

Here, factors 1, 2, 3, and 6 weigh in favor of dismissal. Ms. Scattergood is proceeding *pro se* and is therefore personally responsible for her failure to comply with court-ordered discovery deadlines and to attend court-ordered conferences. The defendants are prejudiced by the continued delays and Ms. Scattergood's failure to respond to discovery requests. Indeed, the

initial discovery deadline required Ms. Scattergood to comply with defendants' document requests and interrogatories by August 11, 2008 and directed her to serve her own document requests and interrogatories by July 21, 2008. However, at Ms. Scattergood's requets, and over the objections of the defendants, the discovery deadlines were repeatedly continued. Ms. Scattergood has yet to answer the defendants' discovery requests or serve her own requests.

Ms. Scattergood has exhibited a pattern of delay, requesting numerous extensions and failing to respond to discovery requests that have been outstanding for more than 18 months. Finally, Ms. Scattergood's claims, which are difficult to decipher but appear to be prosecutorial misconduct, false imprisonment and false arrest, have uncertain merit because of the possible difficulties in proving these claims.

The fourth factor is neutral, as there is no showing that Ms. Scattergood's delays are in bad faith or willful attempts to thwart the defendants. However, Ms. Scattergood's regular contact just after deadlines have passed and her repeated requests for extensions on the eve of deadlines does shade more towards dismissal on the neutral spectrum.

Lastly, in evaluating alternative sanctions, I am mindful that Ms. Scattergood is proceeding *pro se* and does not have the means to pay fines for her failure to obey court orders requiring her to respond to discovery and attend conferences. Dismissal, although a drastic sanction, is the only sanction available.

The status conference scheduled for February 10, 2010 was cancelled due to snow and Ms. Scattergood has been alternatively unreachable or absent from scheduled conferences and court ordered discovery obligations since that date. Despite providing notice in early June that she intends to prosecute this matter, Ms. Scattergood has failed to provide her availability for

telephone conferences and failed to participate in those conferences even under threat of dismissal.

Nonetheless, dismissal is premature. Ms. Scattergood regularly attended conferences prior to January 2010, when she asserts she was diagnosed with cancer, and she has engaged in discovery and provided documents to the defendants. Therefore, I will instead require that Ms. Scattergood make herself available for deposition on or before January 14, 2011 and set the close of all discovery for February 15, 2011. While I am sympathetic to Ms. Scattergood's medical issues, car troubles, and inability to retain counsel, I have been more than generous in accommodating her schedule, under objection from the defendants to repeated continuations, and I have provided ample time for discovery. No further extensions will be granted and failure to meet the deadlines set below will result in dismissal of this action.